## Nash, County Clerk, etc. v. Marshall.

(Decided June 5, 1925.)

### Appeal from Franklin Circuit Court.

Elections—Certificate of Qualification for Office of County Tax Commissioner May be Secured Prior to Year of Election for Purpose of Placing Name on Ballot.—Under Kentucky Statutes, section 4042a-11, requiring certificate of qualification for office of county tax commissioner before name will be placed on regular election ballots, certificate need not have been issued during year in which holder desires to become candidate, but will be good at any election in subsequent years.

LESLIE W. MORRIS for appellant.

GARDNER K. BYERS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The sole question for determination in this case is: Whether a prospective candidate for nomination or election to the office of county tax commissioner is required to take his examination at the appointed time *in the year* in which he offers himself for election, and to obtain from the state tax commission his certificate of qualification as a result of that examination; or whether he is eligible to become a candidate for such office either in the primary or general election, if he holds a certificate of qualification issued to him on a prior examination held in a year antedating the election in which he proposes to become a candidate? In other words, will such certificate of qualification entitle the holder to become a candidate for the office at any election held in subsequent years to the one in which he was examined?

The appellee, Ben Marshall, was examined and obtained a certificate of qualification for the office of county tax commissioner for Franklin county at the examination held in 1921. Desiring to become a candidate for the same office in the primary election to be held on the first Saturday in August, 1925, he presented his nominating papers to the appellant and defendant below, John B. Nash, the duly elected and qualified county court clerk of Franklin county, and filed therewith his certificate of qualification which he obtained in his 1921 examination. Defendant refused to accept the nominating papers and announced that he would not print the name of Mr. Marshall on the primary ballot for 1925 upon the ground that the statute providing for such examination contemplated that the candidate should take it and receive his certificate of qualification in the year that he proposed to become a candidate. Whereupon Marshall, as plaintiff below, filed this action in the Franklin circuit court to obtain a mandamus against him ordering and directing him to print plaintiff's name on the primary ballot as a candidate for such office. Proper nominating papers were filed with the petition as exhibits, as well as a certified copy of plaintiff's certificate, and defendant's demurrer to the petition was overruled, when he declined to plead further and the mandatory order as prayed for was issued followed by this appeal by defendant.

The statute requiring the examination and the issuing of the certificate is section 4 of chapter 11, page 31, Session Acts, 1918 (now section 4042a-11 of the present

Kentucky Statutes) and so far as pertinent to the issue involved it says: "Before any person's name shall be placed upon the ballot at any primary or regular election as a candidate for the office of county tax commissioner, he shall hold a certificate from the state tax commission that he has been examined by them, and that he is qualified for the office." The remainder of the section specifies the subjects upon which the applicant shall be examined; by whom, and the manner in which the examination shall be held; the grade necessary to be obtained to receive a certificate, and prescribes penalties for violating any of the regulations with reference to the examination. It is conceded by defendant that the nominating papers of plaintiff were and are regular in all respects and it is likewise conceded by plaintiff that it is competent for the legislature to prescribe the examination and the obtention of the certificate as a prerequisite to the right to becoming a candidate for the office of county tax commissioner. So that, the only question for determination is, which of the two above constructions is correct?

We entertain no doubt but that it would be competent for the legislature to require a certificate of qualification of the candidate each successive time he offers for the office and that he should be examined at the examination held in the year of the election; but we are equally convinced that it did not do so in the statute it did enact on the subject. The only requirement is that the prospective candidate "shall hold a certificate from the state tax commission that he has been examined by them and that he is qualified for the office." There is nothing in the above excerpt from the statute, nor any other portion of it, remotely indicating that it was the intention and purpose of the legislature to require an examination each time the candidate offered for office. On the contrary, it would seem to appear that only one examination was contemplated and that if the applicant was successful in it his certificate which he held as a result of it would be sufficient for all future elections in which he desired to run for the same office. It might be that a certificate issued to one, certifying to his qualifications for the office in a particular county, might not entitle him to subsequently become a candidate for the same office in another county, since he might not be familiar with the geography, the industries and the property of that county as he was found to be with reference to the same subjects in the county for which he was examined. However, we have no such

question in this case, since plaintiff here was at the time of his examination a resident of Franklin county and was examined with a view of becoming a candidate for the office in that county. He has continued to reside in the county since that date and there is no intimation that he does not still possess the qualifications to which the board of tax commissioners certified in issuing him his certificate.

If defendant's contention was correct then an incumbent in the office to which he was elected when he held the required certificate, and which was preceded by his successful examination, would be compelled to undergo another examination before he could become a candidate to succeed himself, although his qualifications had been increased by four years' actual service; and if he desired to fill a third term he would again be required to take the examination although his actual service in office was adding to his qualifications as certified originally by the board of tax commissioners. We can discover no ground for such interpretation of the language employed in the statute, and it is our conclusion that the learned circuit judge correctly construed it.

Wherefore, the judgment is affirmed.