## Noffsinger v. Parham et al.

Jan. 20, 1939.

T. E. SPARKS for appellant.
T. O. JONES for appellee.

Opinion of the Court by Judge Stites—Affirming.

This is an appeal from a judgment of the Muhlenberg Circuit Court sitting in equity. The appellant, C. T. Noffsinger, was the plaintiff, and the appellees, Melvin Parham and the County Board of Election Commissioners and the County Court Clerk, were defend-

ants. Appellant and appellee Parham were rival candidates for the office of County Tax Commissioner of Muhlenberg County at the general election held in November, 1937. The County Board of Election Commissioners certified that Noffsinger received four thousand nine hundred and ninety-seven (4,997) votes and Parham, four thousand nine hundred and ninety (4,990). Thereupon Parham filed a petition in the Muhlenberg Circuit Court asking for a recount of the ballots, and the court found that Parham had received four thousand nine hundred and ninety-nine (4,999) votes and Noffsinger, four thousand nine hundred and ninety-seven (4,997), thus changing the result of the election.

Appellant then instituted this suit alleging that Parham was not lawfully elected to the office of County Tax Commissioner for the reason that his name was unlawfully placed upon the ballot. The basis of this contention is that Parham did not hold a certificate from the State Tax Commission as required by sec. 4042a-11 of the Kentucky Statutes. It is claimed that all votes cast for Parham are illegal, and that appellant is therefore entitled to the office.

Sec. 4042a-11 of the Kentucky Statutes provides in part:

"Before any persons' name shall be placed upon the ballot at any primary or regular election as a candidate for the office of county tax commissioner, he shall hold a certificate from the state tax commission that he has been examined by them and that he is qualified for the office. During the month of January, one thousand nine hundred and twenty-one, and every four years thereafter, the state tax commission shall prepare a list of .questions. * * * Not later than the second Monday in February in each year in which such examination is to be held the state tax commission shall send to the county attorney by registered mail, securely sealed with seal of the state tax commission, a list of such questions, and the county attorney shall securely keep them with seal unbroken until the second Monday in March, when said examination shall be held. * * * On the date fixed for the examination said examiner shall hold a meeting at the county seat beginning at nine o'clock a. m., in a room provided for the purpose of holding the examination. * * * The state

tax commission shall issue to persons passing this examination a certificate of their fitness and qualifications to fill the office of county tax commissioner on or before the first day of May.''

It appears without dispute that Parham is the holder of a certificate issued by the State Tax Commission under date of August 23, 1932, certifying that he passed a *special examination* for candidates for the office of County Tax Commissioner held on August 11, 1932. It appears that the County Tax Commissioner of Muhlenberg County died and this special examination was held for the purpose of qualifying candidates to serve out the unexpired term of the deceased Tax Commissioner. In Nash, County Clerk, v. Marshall, 209 Ky. 379, 272 S. W. 907, we held that it was not necessary for a candidate to procure a certificate every time he ran for office but that, having once successfully passed an examination and procured a certificate, this would be sufficient for all future elections in which he desired to run for the same office. While appellee attacks the right of appellant to maintain this suit and raises various other points, the real question for decision rests, after all, in the validity of the certificate issued to him pursuant to the special examination in 1932. In view of our conclusion upon this question it is unnecessary to consider the points raised by the special or general demurrers, although there appears to be merit in them.

It is insisted that the provisions of sec. 4042a-11 are mandatory and that a valid certificate of qualification for the office of county tax commissioner can be issued only upon an examination held in strict conformity to the statute on the date therein fixed. We are unable to agree to so literal an interpretation of the statute as appellant asks. Plainly, the purpose of the legislature was to secure properly qualified persons for the office of county tax commissioner. Equality of opportunity to all persons desiring to become candidates was sought to be secured by the fixed dates for examination. On the other hand, where an emergency arises as is shown to have existed in 1932, when the incumbent tax commissioner died, the wholesome effect of the statute might be entirely nullified if no special examination could be held. A situation might arise where there was no one in the county holding a certificate and, to accept appellant's construction, the office of county tax com-

missioner would then have to remain vacant until the next quadrennial examination. Certainly the legislature did not intend anything of this sort.

It is not claimed that the special examination held in 1932 was not up to the standard of the regular examinations or that it was not necessary under the circumstances. There is no hint of any fraud or collusion. We can see no reason, therefore, for denying to appellee's certificate the same efficacy accorded to certificates issued at regular examinations. So far as the public interest is involved the question is whether or not the candidate is qualified for the office and not the date when he was examined. This is made clear in the decision in Nash, County Clerk, v. Marshall, supra.

Judgment affirmed.